CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

5/14/2024
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
      DEPUTY CLERK

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| AERO GLOBAL LOGISTICS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ASSUREDPARTNERS OF NEW JERSEY, LLC, D/B/A ASSUREDPARTNERS TRANSPORTATION, INC.,<br><br>Defendant. | Case No.: 5:24-cv-00028<br><br>Winchester Circuit Court Case No. 840CL2400019800 |

## NOTICE OF REMOVAL CIVIL ACTION

TO:   Clerk of Court, United States District Court for Western District of Virginia

AND TO:   Plaintiff Aero Global Logistics, LLC and its attorney

PLEASE TAKE NOTICE THAT: Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant AssuredPartners of New Jersey, Limited Liability Company (incorrectly named as AssuredPartners of New Jersey, LLC d/b/a AssuredPartners Transportation, Inc.) ("AssuredPartners"), through undersigned counsel, hereby removes this action from the Winchester Circuit Court to the United States District Court for the Western District of Virginia. This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. In support hereof, AssuredPartners states as follows:

**I.   INTRODUCTION**

1.   On April 23, 2024, Plaintiff Aero Global Logistics, LLC ("Aero") filed a Complaint in the Circuit Court of the City of Winchester, in the Commonwealth of Virginia, entitled *Aero*

*Global Logistics, LLC v. AssuredPartners of New Jersey LLC, d/b/a AssuredPartners Transportation, Inc.*, designated in that court as case number 840CL2400019800 (the "State Court Action").

2. Aero's Complaint alleges that AssuredPartners failed to procure the insurance coverage requested by Aero.

3. The Complaint in the State Court Action asserts counts against AssuredPartners for (1) breach of contract, (2) negligence, and (3) constructive fraud. A true and correct copy of the Summons and Complaint in the State Court Action is attached hereto as **Exhibit A**. AssuredPartners is unaware of the existence of any process, pleadings, papers, or orders other than the documents included in Exhibit A.

## II.   DIVERSITY JURISDICTION EXISTS

4. This Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states. For purposes of diversity jurisdiction, a corporation's citizenship is the state of its principal place of business and its state of incorporation. 28 U.S.C. § 1332(c)(1); *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 702 (4th Cir. 2010). A limited liability company, for diversity of citizenship, is considered a citizen where each of its members are citizens. *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004).

5. Upon information and belief, Plaintiff is a limited liability company whose sole member is Zeeshan Shariff, a New Jersey Citizen. Aero's filings with the New Jersey Secretary of State similarly state that it was formed pursuant to the New Jersey Limited Liability Company Act, and that Mr. Shariff is the only member. (*See* Declaration of Justin Sallis in Support of Notice of Removal, at ¶ 4, attached hereto as **Exhibit B**). By these facts, AssuredPartners is informed

and believes, and on that basis alleges, that Aero is a citizen of New Jersey for purposes of diversity jurisdiction.

6. Defendant AssuredPartners of New Jersey, Limited Liability Company is a limited liability company whose sole member is AssuredPartners Jamison LLC. AssuredPartners Jamison, LLC is likewise a limited liability company whose sole member is AssuredPartners Capital, Inc., a Delaware corporation with its principal place of business in Orlando, Florida. (*See* Declaration of Steven Muscatello in Support of Notice of Removal attached hereto as **Exhibit C**).

7. In addition to complete diversity, removal pursuant to 28 U.S.C. § 1332 requires the amount-in-controversy to exceed $75,000 exclusive of interest and costs. A "defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).

8. While AssuredPartners denies the allegations and claim for relief in the Complaint, Aero expressly alleges that it seeks damages "in the amount of TEN MILLION DOLLARS ($10,000,000)[.]"

9. Therefore, the court has diversity jurisdiction over the State Court Action.

### III. TIMELINESS

10. Aero filed the Complaint in the State Court Action on April 23, 2024.

11. AssuredPartners was served with a copy of the Summons and Complaint in the State Court Action on April 23, 2024.

12. Removal of this action is timely because it is filed within thirty (30) days of AssuredPartners' receipt of the Summons and Complaint and within one year of the commencement of this action. *See* 28 U.S.C. § 1446(b)(1).

13. AssuredPartners has not appeared in the Civil Action nor answered or otherwise responded to Plaintiff's Complaint in the State Court Action. AssuredPartners will file its response to this Court consistent with Fed. R. Civ. P. 81(c).

### IV.   ALL OTHER REMOVAL REQUIREMENT HAVE BEEN MET

14. Pursuant to 28 U.S.C. § 1441(a), a civil case eligible for removal must be removed to the United States district and division "embracing" the place where such action is pending. Here, removal venue exists in this Court because the Circuit Court for the City of Winchester, in the Commonwealth of Virginia, where the State Court Action was filed, is encompassed in the United States District Court for the Western District of Virginia, in the Harrisonburg Division. Local R. 2(a)-(b).

15. As required by 28 U.S.C. § 1146(a), true and correct copies of all pleadings filed to date in the State Court Action are attached hereto.

16. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Aero's counsel and the Clerk of the Circuit Court of the City of Winchester, in the Commonwealth of Virginia.

17. There are no motions currently pending before the Circuit Court of the City of Winchester in the State Court Action.

18. AssuredPartners hereby reserves any and all rights to assert any and all defenses to Plaintiff's Complaint.

WHEREFORE, AssuredPartners of New Jersey, Limited Liability Company respectfully give notice that the above-titled action is removed and transferred forthwith from the Circuit Court of the City of Winchester, Commonwealth of Virginia, to the United States District Court for the Western District of Virginia, Harrisonburg Division.

Dated: May 14, 2024	Respectfully submitted,

/s/ *Justin L. Sallis*
Justin L. Sallis (VSB #82599)
Lathrop GPM LLP
The Watergate – Suite 700
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
Phone: (202) 295-2200
Fax: (202) 295-2250
Justin.Sallis@lathropgpm.com

Michael J. Abrams (*pro hac vice* app forthcoming)
Noah H. Nash (*pro hac vice* app forthcoming)
Lathrop GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri  64108-2618
Telephone: (816) 292.2000
Telecopier: (816) 292.2001
Michael.Abrams@lathropgpm.com
Noah.Nash@lathropgpm.com

***Attorneys for Defendant AssuredPartners of New Jersey, Limited Liability Company***

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2024, a true and correct copy of the foregoing was electronically filed with Court using the CM/ECF system, and was also served via U.S. Mail to the following:

Dawn Boyce
McGavin, Boyce, Bardot,
Thorsen & Katz, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
dboyce@mbbtklaw.com
Phone: (703) 385-1000
Fax: (703) 385-1555

/s/ *Justin L. Sallis*
Justin L. Sallis (VSB #82599)
Lathrop GPM LLP
The Watergate – Suite 700
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
Phone: (202) 295-2200
Fax: (202) 295-2250
Justin.Sallis@lathropgpm.com

An Attorney for Defendant